UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1227-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING AMENDED COMPLAINT
AND GRANTING LEAVE TO FURTHER AMEND

On July 24, 2019, Plaintiff Jermaine Moore and ten other individuals, all of whom at the time were incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 7, 2019, the Court ordered each Plaintiff to file a motion to proceed *in forma pauperis* and a copy of his prison trust account statement. (ECF No. 2.) Only four Plaintiffs complied, and the Court granted their motions and severed each Plaintiff's case into a separate matter. (ECF No. 5.) Once Moore's case had been severed, the Court assessed the *pro rata* civil filing fee for Moore pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.)

On September 11, 2019, Moore and Plaintiff Tony Latrell Moore, Sr., submitted an amended complaint that listed six Plaintiffs but was signed by only Moore and Moore.

(ECF No. 12.) The amended complaint is now before the Court for screening.[1] The Clerk shall record the Defendants as the Madison County Sheriff's Department and Lieutenant Lisa Balderrama.

Moore alleges numerous issues with "the living conditions of the CJC." (ECF No. 4 at PageID 15.) He alleges that there is insufficient living space, beds, and mats; there is black mold and mildew on the cell and shower floors and walls; the cells are overcrowded; and inmates are locked in their cells for 72 hours at a time without showers or "communication with the outside world." (*Id.*) Moore also alleges that Lieutenant Balderrama denied his request for a "Whole Foods Diet" in compliance with his Jewish religion. (*Id.*)

In a separate filing, Moore alleges that he wrote to Balderrama multiple times about the leaks in the cell, the broken toilet in the pod, and the mold and mildew throughout the CJC. (ECF No. 8.) He also wrote to her about inmates being locked in their cells for days at a time without access to showers, phones, or recreation. (*Id.*) Moore attached to his filing three grievances he sent about the issues in the CJC, two of which are addressed to Balderrama. (ECF No. 8-1.) The third, dated October 1, 2019, is addressed to Captain Rudder (who is not listed as a Defendant) because, according to the grievance, Moore had "written LT Balderrama multiple request form informing her of these issues and I have[n't] heard anything back from her." (*Id.* at PageID 27.) The grievance is addressed to Captain

---

[1] The Court separately addresses Moore's claims in his case, #19-1149-JDT-cgc.

Rudder "[be]cause you're LT [B]alderrama superior an[d] if you can't help I do not know what other precaution to take." (*Id.*)

Moore seeks monetary damages, a Whole Foods Diet, and condemnation of the CJC. (ECF No. 4 at PageID 16.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Moore filed his amended complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The CJC is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Moore's allegations are construed as claims against Madison County, which may be held liable *only* if Moore's injuries were sustained pursuant to an

4

unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Moore does not allege that a Madison County policy is responsible for the conditions of the CJC. He merely alleges that the unpleasant conditions exist. Moore therefore fails to state a claim against Madison County.

Moore also alleges that he wrote to Balderrama several times about the conditions at the CJC, but she did not respond or do anything about the conditions. These allegations could be construed as alleging a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires

a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.

Moore's allegations about the conditions at the CJC may satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008) (noting that "[e]xposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation" and citing contrasting cases). Even assuming the objective component is met, Moore's allegations do not satisfy the subjective component. Moore does not allege that Balderrama was actually aware of the conditions and did nothing to address Moore's concerns. Moore alleges only that he wrote to her multiple times about the conditions. He does not allege that Balderrama received his grievances or viewed the conditions herself. At most, he alleges that Balderrama did not respond to his grievances about the conditions at the CJC. Because Moore has "no inherent constitutional right to an effective prison grievance procedure," he cannot premise a claim under § 1983 on contentions that the grievance procedure was inadequate. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). He therefore does not state an Eighth Amendment claim against Balderrama.

Moore also alleges that Balderrama denied him a Whole Foods Diet in compliance with his religion. Prisoners have a First Amendment right to meals that meet their nutritional needs without violating their sincerely-held religious beliefs. *See Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)). There is, however, "no constitutional right for each prisoner to be served the specific foods he desires . . . in prison." *Id.* (citing *Spies v. Voiovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.").

Moore's sparse allegations state only that he has been denied a "Whole Foods Diet." That he has been denied the diet he would prefer does not necessarily mean he has been denied adequate nutrition that complies with his religious beliefs. As currently alleged, Moore has not stated a First Amendment claim.

For the foregoing reasons, Moore's amended complaint fails to state a claim and must be dismissed.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte

7

dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Moore should be given an opportunity to further amend his complaint.

In conclusion, Moore's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Moore, however, is GRANTED leave to file a second amended complaint. Any amendment must be filed within twenty-one (21) days after the date of this order.

Moore is advised that a second amended complaint will supersede the previous complaints and must be complete in itself without reference to the prior pleadings. The text of the second amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the second amended complaint and must be attached to the complaint. All claims alleged in a second amended complaint must arise from the facts alleged in the amended complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Moore fails to file a second amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE