UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JERMAINE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 19-1227-JDT-cgc |
| | ) |
| MADISON COUNTY SHERIFF'S | ) |
| DEPARTMENT, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 6, 2019, the Court issued an order dismissing Plaintiff Jermaine Moore's *pro se* amended complaint and granting leave to file a second amended complaint. (ECF No. 9.) On November 20, 2019, Moore submitted his amendment, (ECF No. 10), which is before the Court for screening. Moore again lists the Madison County Sheriff's Department and Lieutenant Lisa Balderrama as Defendants. He also newly lists Captain Tom Rudder.[1] The Clerk shall include Captain Rudder as a Defendant in this case.

In the second amended complaint, Moore reiterates his concerns about the black mold and mildew in the showers, pods, and cells at the Madison County Criminal Justice

---

[1] Moore does not supply Rudder's first name, but it is available on the Madison County Sheriff's Department's website. *See* www.mcso-tn.org/corrections.html.

Complex (CJC). (ECF No. 10 at PageID 37.) He asserts that "living in these conditions can pose a substantial risk of serious harm towards my health." (*Id.* at PageID 38.) Moore asserts without elaboration that Lieutenant Balderrama and Captain Rudder "are very aware of these condition[s] and still have yet to do anything about these issues." (*Id.*) Moore seeks $7 million in damages and condemnation of the CJC. (*Id.*)[2]

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 9 at PageID 31-32), and will not be reiterated here. For the reasons explained in the previous order, (*id.* at PageID 32-33), Moore still fails to state a claim against any named Defendant.

Moore's allegations about black mold do not state an Eighth Amendment claim. He alleges that black mold is present "in the showers, cells[,] and the pod." Several courts in this circuit have held that the presence of black mold on the floor and in the shower "does not create a condition 'intolerable for prison confinement.'" *Reitmeyer v. Monroe*, No. 1:19-CV-25, 2019 WL 549058, at *3 (W.D. Mich. Feb. 12, 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)); *see also Morales v. White*, No. 07-2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegations that black mold is located at some place within a housing unit is not sufficient to support an Eighth Amendment claim); *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 WL 6591581, at *4 (E.D. Mich. Dec. 18,

---

[2] Moore appears to have abandoned his claim against Lieutenant Balderrama concerning her alleged denial of his request for a Whole Foods diet. (ECF No. 9 at PageID 30.)

2012) ("Plaintiff's conclusory allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health.").

Moreover, Moore does not allege that he suffered any health effects from his exposure to the black mold. He alleges only that the conditions "can pose a substantial risk of serious harm towards my health." Moore's hypothetical allegations of a health risk because of his exposure to the black mold at the CJC are insufficient to state an Eighth Amendment violation. *See Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001); *Morales*, 2008 WL 4585340, at *15; *Reitmeyer*, 2019 WL 549058, at *3; *Lyons*, 2012 WL 6591581, at *4.

Because Moore's second amended complaint also fails to state a claim on which relief can be granted, this case is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Moore in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Moore would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Moore nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the

installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Moore is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Moore, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE